Application of John E. QUIGLEY.

Leroy J. D'Aloia, Sheriff of Essex County, New Jersey et al., Appellants.

Application of John E. QUIGLEY.

John E. Quigley, Appellant.
Nos. 16703, 16704.

United States Court of Appeals Third Circuit.

Argued July 17, 1967.

Decided Sept. 22, 1967.

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The petitioner was charged by an indictment of an Essex County Grand Jury with violation of N.J.S.A. 2A:133–1, 2, and made application to the New Jersey Courts for bail pending trial. We need not relate here the proceedings instituted by the petitioner before the New Jersey tribunals except to state that after denials of bail by those Courts he made application for bail to the court below in the instant case.

The court below granted a hearing and reached the conclusion that the petitioner's evidence, including certain additional evidence alleged to be newly discovered, should be presented to State tribunals before any action should be taken by it. The court below "ordered" on June 1, 1967 that a New Jersey Court grant the petitioner a further hearing on or before June 15, 1967. The court below also ordered that jurisdiction be retained by it pending final disposition of the petitioner's application in the New Jersey Courts. The petitioner's application to this court is for bail and for the expediting of the filing of briefs and hearing. The order of June 1, 1967, was appealed by the petitioner to this court at our No. 16704, and D'Aloia, Sheriff of Essex County, et al., has cross-appealed at our No. 16703.

An examination of the records presently before us in these two appeals suggests that they may have been taken from an unappealable order; i. e., that of June 1, 1967, which may be lacking in finality. We should not decide that issue, however, or any other presented, without giving the appellants their day in court. We note that relief sought by Quigley's motion for bail in this court, based on the denial of bail by the court below, seems to be identical with the relief sought by his appeal. Moreover, the issue of appealability is common, of course, to Quigley's appeal and D'Aloia's appeal, both appeals being, as we have said, from the same order. In the light of all the cir-

cumstances we deem it desirable, in the exercise of our discretion, presently to deny without prejudice Quigley's motion for bail pending the appeal, and to proceed promptly to adjudicate both the issue of the appealability of the order of June 1, 1967 and the merits of the appeals and the cross-appeal, if indeed the merits can be reached.

Accordingly Quigley's motion for bail will be denied without prejudice. His motion to expedite the filing of briefs and appendices and for an early hearing will be granted. Quigley's brief with appendix shall be filed on or before October 2, 1967. The brief and appendix of D'Aloia shall be filed on or before October 16, 1967. The briefs and appendices by the parties may be typewritten. The appeal and the cross-appeal shall be set down for argument in the week of October 30, 1967.